## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**ROSE CHADWICK, on behalf of herself
and all others similarly situated**                                    **PLAINTIFF**

v.                                        **No: 4:21-cv-1161-DPM**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**                                    **DEFENDANT**

### ORDER

    **1.**    After totaling her car in an accident, Chadwick filed a property damage claim with State Farm Automobile Insurance Company. The company agreed that the car was a total loss under the policy that it sold to Chadwick. In that policy, State Farm promised to pay Chadwick the actual cash value of her car if it was a total loss after an accident. In this case, Chadwick claims State Farm broke that promise by making unfounded downward adjustments to the value of her vehicle. Chadwick alleges that those adjustments resulted in State Farm paying her less than her car's pre-accident actual cash value. She seeks damages for herself and for other State Farm customers like her. She also seeks a declaration from this Court that State Farm cannot, consistent with the terms of its policies, make the kinds of downward adjustments it made in its settlement with her. State Farm moves to dismiss, arguing that Chadwick has failed to point to a specific policy

provision that she alleges the company violated and that the declaratory judgment claim is duplicative and therefore unnecessary.

**2.** As pleaded, Chadwick's breach of contract claim is virtually indistinguishable from the surviving claim in *Smith v. Southern Farm Bureau Casualty Insurance Co.*, 18 F.4th 976, 979–81 (8th Cir. 2021). The Court of Appeals identified the policy provision that Southern Farm Bureau allegedly violated and concluded that the provision obligated the company to pay its insured the actual cash value of his totaled vehicle. *Ibid.* State Farm hasn't convincingly distinguished *Smith*. The meaning of "actual cash value" in this case will have to be agreed or determined at some point. It's undisputed that State Farm promised to pay Chadwick the actual cash value of her totaled car. Because she plausibly alleges that the company paid her less than that amount due to its unfounded downward adjustments, her claim goes forward. As State Farm recognizes, and as Chadwick concedes, the claim about the company's breach of its duty to deal fairly and in good faith is not a separate claim. It survives only as part of the contract claim.

**3.** The declaratory judgment claim also goes forward. It is probably suspenders over the belt of the contract claim. But Chadwick has standing to bring it. And there's no harm in leaving this request for relief in for now.

\*   \*   \*

State Farm's motion, *Doc. 9*, is denied.

- 2 -

So Ordered.

_DP Marshall Jr._

D.P. Marshall Jr.
United States District Judge

5 July 2022