IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROSE CHADWICK, on behalf of herself
and all others similarly situated                        PLAINTIFF

v.                          No: 4:21-cv-1161-DPM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                              DEFENDANT

## ORDER

1.      All confidential information produced or exchanged in the
course of this case shall be used solely for the purpose of the
preparation and trial of this case and for no other purpose. Confidential
information, or extracts, summaries, or information derived from
confidential information, shall not be disclosed to any person except in
accordance with the terms of this Order. Confidential information may
only be copied or reproduced as reasonably necessary for use solely in
this case. The parties may not remove the Bates label or any
confidentiality legend from any confidential information.

2.      "Confidential information" means any information of any
type that a party or third-party reasonably and in good faith believes
contains any confidential research, development, trade secret, or
commercial information, or any other personal information of any
party or a party's customer, provided that the party or third-party has

made efforts to maintain confidentiality that are reasonable under the circumstances, whether the confidential information is a document, electronically stored information ("ESI"), or other written material or image; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory, answer, or written responses to discovery; information revealed during a meet-and-confer, or otherwise in connection with formal or informal discovery.

**3.** The disclosure of confidential information is restricted to qualified persons. "Qualified persons" means the parties to this case, captioned *Chadwick v. State Farm Mutual Automobile Insurance Co.*, 4:21-cv-1161-DPM (E.D. Ark.); their respective counsel; counsel's staff; expert witnesses; outside service-providers and consultants providing services related to document and ESI processing, hosting, review, and production; the Court; other court officials (including court reporters); the trier of fact pursuant to a sealing order as provided in paragraph 16 below; any person who wrote or received the document, ESI, or other material in the ordinary course of employment or agency; and any person so designated pursuant to paragraph 4. If this Court so elects, any other person may be designated as a qualified person by order of this Court, after notice to the parties and a hearing.

**4.** Any party may serve a written request for authority to disclose confidential information to a person who is not a qualified

- 2 -

person on counsel for the designating party, and consent shall not be unreasonably withheld. However, until the requesting party receives written consent to further disclose the confidential information, the further disclosure is prohibited and shall not be made absent further order of this Court. If the designating party grants its consent, then the person granted consent shall become a qualified person under this Order.

**5.** Counsel for each party shall provide a copy of this Order to any person—other than the Court, court officials, or the trier of fact— who will receive confidential information in connection with this case, and shall advise that person of the scope and effect of the provisions of this Order. Further, before disclosing confidential information to any person other than the Court, court officials, or the trier of fact, counsel for the party disclosing the information shall obtain the written acknowledgment of that person binding him or her to the terms of this Order. The written acknowledgment shall be in the form of Appendix A. Counsel for the disclosing party shall retain the original written acknowledgment.

**6.** Information shall be designated as confidential information within the meaning of this Order by following the protocol below that corresponds to the format produced:

**a.** For hard-copy documents, by marking the first Bates-stamped page of the document and each subsequent Bates-stamped

- 3 -

page containing confidential information with the following legend: "Confidential" or "Trade Secret Produced Pursuant to Protective Order," but not so as to obscure the content of the document.

**b.** For static image ESI productions, by marking the first Bates-stamped page of the image and each subsequent Bates-stamped page containing confidential information with the following legend: "Confidential" or "Trade Secret Produced Pursuant to Protective Order," but not so as to obscure the content of the image.

**c.** For native file format productions, by prominently labeling the delivery media for ESI designated as confidential information as follows: "Confidential" or " Trade Secret Produced Pursuant to Protective Order." In addition, at the election of the producing party, the electronic file may have appended to the file's name (immediately following its Bates identifier) the following protective legend: "CONFIDENTIAL." When any native file so designated is converted into a hard-copy document or static image for any purpose, the document or image shall bear on each page a protective legend as described in 6.a. or 6.b. above. If a native file containing confidential information is used during a deposition, meet-and-confer, trial, or is otherwise disclosed post-production, the party introducing, referencing, or submitting the native file must append to the file's name (immediately following its Bates identifier) the protective legend: "CONFIDENTIAL," if such legend does not already appear in the file

name. Any party using a native file containing confidential information in a deposition, hearing, or at trial must indicate the designation on the record, so that it is reflected in the transcript of the proceedings.

    **d.**    At the sole discretion of the producing party, the producing party may place on any hard-copy documents that are subject to this Order watermarks or seals to indicate the document is subject to a protective order and is produced under the specific case number.

    **7.**    Information previously produced during this case and not already marked as confidential information shall be retroactively designated within thirty days of entry of this Order by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the confidential information.

    **a.**    Within thirty days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall: (i) affix the legend to all copies of such designated information in the party's possession, custody, or control consistent with the terms of this Order, or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item or items as having been designated as confidential information.

**b.** Information that is unintentionally or inadvertently produced without being designated as confidential information may be retroactively designated by the producing party by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the confidential information by providing written notice to the receiving parties of the Bates identifier or other identifying characteristics for the confidential information. If a retroactive designation is provided to the receiving party, the receiving party must (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No party shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

**8.** If confidential information is inadvertently disclosed to a person who is not a qualified person, the disclosing party shall immediately upon discovery of the inadvertent disclosure, send a written demand to the non-qualified person demanding the immediate return or destruction of the inadvertently disclosed confidential information, all copies made, and all notes that reproduce, copy, or otherwise contain information derived from confidential information.

Further, the disclosing party shall send written notice to the designating party's counsel providing:

**a.** The names and addresses of the entity, entities, individual, or individuals to which or whom the confidential information was inadvertently disclosed.

**b.** The date of the disclosure.

**c.** A copy of the notice and demand sent to the entity or individual that inadvertently received the confidential information.

**9.** To the extent that the parties produce information received from non-parties that the non-parties have designated as "confidential," such information shall be treated as confidential information in accordance with the terms of this Order.

**a.** With respect to any document, ESI, or other material that is produced or disclosed by a non-party, any party may designate such information as confidential information within thirty days of actual knowledge of the production or disclosure, or such other time as may be agreed upon by the parties.

**b.** Within thirty days of receipt of such notice, or such other time as may be agreed upon by the parties, any parties receiving such notice shall return to the designating party all undesignated copies of such information in their custody or possession, in exchange for the production of properly designated information, or alternately (upon the agreement of the parties) shall: (i) affix the legend to all copies of

- 7 -

such designated information in the party's possession, custody, or control consistent with the terms of this Order, or (ii) with respect to ESI, take such reasonable steps as will reliably identify the item or items as having been designated as confidential information.

**c.** Upon notice of designation pursuant to this paragraph, the parties also shall: (i) make no further disclosure of such designated information except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated information of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated information in the possession of any person not permitted access to such information under the terms of this Order. No person shall be deemed to have violated this Order for any disclosures made prior to notification of any subsequent designation.

**d.** The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

**10.** Deposition testimony is confidential information under the terms of this Order, only if counsel for a party advises the court reporter and opposing counsel of that designation at the deposition, or by written designation to all parties and the court reporter within thirty business days after receiving the final (not "rough") deposition transcript. All deposition transcripts shall be considered confidential information until thirty business days following the receipt of the final

- 8 -

deposition transcript. In the event testimony is designated as confidential information, the court reporter shall note the designation on the record, shall separately transcribe those portions of the testimony, and shall mark the face of such portion of the transcript as "Confidential Information." The parties may use confidential information during any deposition, provided:

    **a.**    The witness is apprised of the terms of this Order and executes the acknowledgment attached hereto as Appendix A.

    **b.**    The room is first cleared of all persons who are not qualified persons.

    **11.**    In the case of interrogatory answers, responses to requests for production, and responses to requests for admissions, the designation of confidential information will be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts are designated as confidential information. A producing party shall place the following legend on each page of interrogatory answers, responses to requests for production, or responses to requests for admission: "Contains Confidential Information."

    **12.**    Confidential information disclosed during a meet-and-confer or otherwise exchanged in informal discovery, shall be protected pursuant to this Order, if counsel for the disclosing party advises the receiving party that the information is confidential information. If the

confidential information disclosed during a meet-and-confer or otherwise exchanged in informal discovery is in the form of hard-copy documents, static images, or native files, that information shall be designated as confidential information pursuant to paragraph 6 above, depending on the format of the materials introduced.

**13.** If a receiving party makes a good-faith determination that any materials designated confidential information are not in fact "confidential" or "trade secret," the receiving party may request that a designating party rescind the designation. Such requests shall not be rejected absent a good-faith determination by the designating party that the confidential information is entitled to protection.

**14.** If there is disagreement regarding whether any designated materials constitute confidential information, the parties must confer in good faith *in person* or via a video conferencing application, such as Zoom or Microsoft Teams, before bringing any dispute to the Court. If the parties reach an impasse, they should file a joint report explaining the disagreement. File this paper under the CM/ECF event called "Joint Report of Discovery Dispute." Your joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. Do not file a motion asking for more pages. Use double spacing and avoid footnotes. Attach documents (such as disputed written discovery or responses) as needed. Redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect confidential

- 10 -

information. File the joint report sufficiently before the discovery cutoff so that the dispute can be resolved, and any additional discovery completed, without undermining other pretrial deadlines. The Court will rule or schedule a hearing. Alert the law clerk on the case to the joint report's filing. While this process is ongoing, any disputed confidential information will remain subject to this Order until a contrary determination is made by the Court.

**15.** A party's failure to challenge the confidential information designation of any documents, ESI, information, or testimony does not constitute an admission that the document, ESI, information or testimony is, in fact, sensitive, confidential, or proprietary. No party waives its right to contend at trial or hearing that such document, ESI, information, or testimony is not sensitive, confidential, or proprietary, provided the party provides notice of intention to do so at least twenty days before such trial or hearing.

**16.** The parties must comply with Federal Rule of Civil Procedure 5.2's mandate for redaction if practicable before any filing under seal. If an entire page contains information designated as confidential information, then substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as confidential information and a related motion, brief, or paper, containing that material under seal. The moving party must justify

sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done.

**17.** Any qualified person who obtains information pursuant to this Order consents to submitting to the jurisdiction of this Court for enforcement of this Order.

**18.** Within forty-five business days after the final resolution of this case, plaintiffs shall return or destroy confidential information they received during this case. As to those materials that contain or reflect confidential information, but that constitute or reflect plaintiff's counsel's own work product, counsel for the plaintiffs are entitled to retain such work product in their files in accordance with the provisions of this Order, so long as the work product is clearly marked to reflect that it contains information subject to this Order. Plaintiff's counsel is entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record, even if such materials contain confidential information, so long as such materials are clearly marked to reflect that they contain information subject to this Order and are maintained in accordance with the provisions of this Order. Plaintiff's counsel shall certify in writing compliance with the provision of this paragraph forty-five business days after the final resolution of this Lawsuit.

This Order shall remain in effect unless or until amended, altered, modified, or vacated by the Court, but under no circumstances longer than one year after the case ends.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

7 July 2022

**Approved by:**

Hank Bates (ABN 98063)
Tiffany Wyatt Oldham (ABN 2001287)
Jake G. Windley (ABN 2018187)
*Counsel for Plaintiff and the Proposed Class*
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR 72201
Tel: (501) 312-8500
Email: hbates@cbplaw.com
Email: toldham@cbplaw.com
Email: jwindley@cbplaw.com

Shane Strabala (ABN 2000080)
*Counsel for Defendant*
MUNSON, ROWLETT, MOORE, & BOONE, P.A.
1900 Regions Center
400 West Capitol Avenue
Little Rock, AR 72201
Tel: 501-374-6535
Email: shane.strabala@mrmblaw.com

Peter W. Herzog (admitted *pro hac vice*)
Wheeler Trigg O'Donnell LLP
211 North Broadway, Suite 2825
St. Louis, MO 63102
Tel: (314)326-4129
Email: pherzog@wtotrial.com

Eric L. Robertson (admitted *pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202
Tel: (303) 244-1800
Email: robertson@wtotrial.com

- 14 -

## APPENDIX A

## AGREEMENT TO BE BOUND BY JOINT STIPULATED PROTECTIVE ORDER

I, _____, in order to be provided access to information designated as confidential information under the protective Order entered in *Chadwick v. State Farm Mutual Automobile Insurance Co.*, 4:21-cv-1161-DPM (E.D. Ark.), represent and agree as follows:

1.     I have been provided with a copy of the protective Order entered by the Court in the above matter. I have reviewed it and I am familiar with its terms.

2.     With regard to any and all confidential information to which I am given access in connection with the above matter, I agree to be bound by the provisions of the protective Order.

3.     I consent to the exercise of jurisdiction over me by the Court with respect to the protective Order.


DATED:                                    _____

                                        SIGNATURE