IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROSE CHADWICK, on behalf of herself
and all others similarly situated                                       PLAINTIFF

v.                            No. 4:21-cv-1161-DPM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                       DEFENDANT

ORDER

State Farm urges the Court to take another look at its March 2024 Order, *Doc. 124*. It argues that the Court's ruling on State Farm's motion for summary judgment targeting Chadwick's individual claim is inconsistent with certifying a class of its Arkansas customers. The Court doesn't see any inconsistency. Just as it will with Chadwick's individual claim, the jury will have to decide whether State Farm violated its policy as to each class member. Chadwick's proof could sway a reasonable mind to believe that, more likely than not, it did. State Farm's lead point on predominance falls right there. The certified class definition adequately encompasses only those individuals with standing, even though a reasonable juror could find that one or more of them weren't harmed. *Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 766–67 (8th Cir. 2020). These are all variations on arguments that the

Court has already considered and rejected. A second look yields the same result.

State Farm advances one new predominance argument. It says the Court's certification Order offends *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), and due process because it somehow limits State Farm's ability to present individualized defenses. It's unclear, though, why that is so. Chadwick hasn't proposed a trial by formula. The Court hasn't curtailed discovery of any absent class member's total-loss claim. That information and the relevant documentation seem uniquely available to State Farm in any event. State Farm even included a helpful chart showing details about ten "randomly selected totaled cars in the class" with its reply papers. *Doc. 140 at 5–6*. The Court questions whether a truly random selection could be generated without a firm grasp of the whole. The parties will sort out the particulars of whether and, if so, how that kind of information can be presented to the jury. But State Farm will have every permissible opportunity at trial to contest Chadwick's proof with proof of its own, and to do so in any way it chooses.

The Court appreciates State Farm's concerns about manageability. Chadwick's damages model applies to the class; no highly individualized inquiries are necessary for the class to prevail. To disprove Chadwick's theory of the case, State Farm foresees getting into the weeds on each of the 21,000 or so vehicles in the class.

That's potentially a time problem. But a conceivably long trial is not necessarily an unmanageable one. Within reason and the applicable rules, State Farm will be free to present its proof to the jury. The Court notes that there are likely better, more juror-friendly ways to proceed than others.

    The motion, *Doc. 133*, is denied.

    So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

18 February 2025