IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROSE CHADWICK, on behalf of herself
and all others similarly situated                                        PLAINTIFF

v.                              No. 4:21-cv-1161-DPM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                        DEFENDANT

ORDER

Asking for a stay, State Farm focuses on the Court's reasoning for rejecting its standing-based arguments against certification. It says the reasoning is at odds with a possible outcome of *Laboratory Corp. of America Holdings v. Davis*, -- S.Ct. ----, 2025 WL 288305 (2025). The Court disagrees.

The Court reiterates that the class definition in this case presents no standing issues, even if a jury could find against Chadwick and the class. What's more, although it was not her burden to show it on certification, a reasonable mind could accept Chadwick's proof to conclude that each class member here was harmed. But even without Chadwick's proof, every other class member could have walked into this Court and individually established standing against State Farm on a breach of contract claim. Anything less would defy clear and controlling precedent. *Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773,

778-79 (8th Cir. 2013). This Court didn't certify the class on the condition that Chadwick establish its members' standing at some later date. In the Court's view, the class members' standing was clear when Chadwick brought her case. No potential outcome of the *Davis* case, as this Court understands it, could upset the legal principles on which the Court has relied.

Additionally, State Farm has presented no evidence that any of the class members here believe they were paid the actual cash value of their totaled vehicle. And, other than Chadwick, it hasn't identified a specific class member whom it argues lacks standing. In denying State Farm's motion for summary judgment, the Court ruled that Chadwick has standing. To the extent State Farm's arguments could apply to the class, each class member is alleged to have suffered an economic injury like hers. The question of standing is therefore "straightforward." *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1029 (8th Cir. 2014) (quotation omitted).

In the end, this is all quite distinct from *Davis*, where the proof showed that many of the individuals falling within the certified class definition didn't care if they could use one of the allegedly offending self-service kiosks. *See* Brief for Petitioner at 8-9, *Laboratory Corp. of America Holdings v. Davis*, -- S.Ct. ---- (5 March 2025) (No. 24-304). Those facts are important in context. For one, the injuries alleged on behalf of the *Davis* class weren't economic. Plus, an allegedly discriminatory

service that nobody wants to use can't injure anybody and therefore doesn't offend the Americans with Disabilities Act. *Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 491 (6th Cir. 2019). But even if one or more of the class members in this case didn't suspect that State Farm's deductions left them less than whole, or were satisfied with State Farm's settlement payments anyway, that doesn't mean they were uninjured. It simply means they were unlikely to have brought or won a case. The Court is unaware of any precedent suggesting it must consider what absent class members might have done with their cognizable injuries if there had been no class action.

State Farm's motion to stay, *Doc. 146*, is denied. An early in-person pretrial would help the Court. We'll have one at 1:30 p.m. on Wednesday, 14 May 2025 in Little Rock. The parties should file a joint report with their suggestions (agreed, disputed, or both) about trial architecture by 8 May 2025.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

10 April 2025