IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **Rose Chadwick**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**State Farm Mutual Automobile Insurance Co.**,<br><br>Defendant. | **Case No. 4:21-cv-1161-DPM** |

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT

State Farm Mutual Automobile Insurance Company ("State Farm") submits this motion for a protective order regarding measures necessary to protect confidential testimony and evidence of non-party Audatex North America Inc. ("Audatex") at trial.

### INTRODUCTION

This motion asks the Court to implement limited measures to protect against the disclosure of confidential and proprietary information of non-party Audatex during trial. Audatex, as the Court is aware, is a third-party vendor that assisted State Farm in estimating actual cash values for vehicles insured by State Farm. Although not a party to this matter, Audatex has provided a significant body of documents and data, as well as the testimony of a corporate deponent, Neal Lowell, in response to Plaintiff's third-party subpoenas. Throughout this litigation Audatex has consistently designated its business-sensitive documents and testimony as "Confidential" under the Protective Order, and Plaintiff has not challenged a single one of those designations. Further, State Farm has repeatedly moved to seal or redact such material from the public record, and the Court has consistently granted those unopposed motions.

1

Plaintiff has informed State Farm and Audatex that she intends to offer the testimony of Neal Lowell and Dr. Phillip Johnson, Plaintiff's damages expert, at trial.[1] Based on the issues discussed in Mr. Lowell's depositions in this matter and the content in Dr. Johnson's previously submitted expert reports, Mr. Lowell and Dr. Johnson will testify about confidential and proprietary aspects of Audatex's Autosource total loss valuation methodology. In response to the anticipated testimony offered by Plaintiff's witnesses, including Dr. Johnson, State Farm intends to call several of its own witnesses, including Dr. Laurentius Marais. State Farm anticipates that Dr. Marais will testify about, among other things, Dr. Johnson's flawed analysis of Audatex's data, testimony that will itself necessarily review confidential and proprietary Audatex information. To prevent unnecessary disclosure of non-party Audatex's confidential and proprietary information, State Farm respectfully requests that during trial the Court: (1) order that no demonstratives relating to the testimony of Mr. Lowell, Dr. Johnson, or Dr. Marais be published to the gallery; rather, any demonstratives related to Mr. Lowell's, Dr. Johnson's, or Dr. Marais's testimony should be printed and provided directly to the Court and jury; (2) seal certain trial exhibits introduced during Mr. Lowell's, Dr. Johnson's, and Dr. Marais's testimony for the duration of the trial, including the actual video recording of Mr. Lowell's testimony; and (3) clear the courtroom of any employees, agents, or representatives (including counsel) of direct competitors of Audatex or State Farm during the testimony of Mr. Lowell, Dr. Johnson, and Dr. Marais. In support of this motion, State Farm states as follows:

**MEET AND CONFER STATEMENT**

State Farm and Audatex met and conferred with Plaintiff before filing this motion. Plaintiff has informed State Farm and Audatex that she does not consent to (i) providing to the jury printed

---

[1] Mr. Lowell has already testified in a trial preservation deposition. State Farm also intends to offer Mr. Lowell's testimony.

2

demonstratives related to Mr. Lowell's, Dr. Johnson's, and Dr. Marais's testimony instead of publishing them to the gallery, and (ii) sealing certain exhibits introduced during Dr. Johnson's, Mr. Lowell's, and Dr. Marais's testimony for the duration of the trial. Plaintiff further informed State Farm and Audatex that she takes no position as to State Farm's request that the Court exclude Audatex's and State Farm's direct competitors from the Courtroom during Mr. Lowell's, Dr. Johnson's, and Dr. Marais's testimony.

## **RELEVANT BACKGROUND**

A.  State Farm Witness Neal Lowell's Anticipated Testimony

State Farm witness Neal Lowell is an expert on Audatex's Autosource valuation product. Mr. Lowell, who holds a degree in computer engineering, worked for Audatex for more than 15 years, beginning in 2003 and concluding in 2020. Since 2020, Mr. Lowell has worked as a consultant to Audatex. Due to Mr. Lowell's unavailability to testify at trial, Mr. Lowell testified at a trial preservation deposition on March 28, 2025. During Mr. Lowell's trial preservation deposition, Mr. Lowell testified extensively about Audatex's Autosource valuation methodology, including confidential and proprietary aspects of that methodology.

Among other confidential topics, Mr. Lowell testified about (i) the different methodologies that Audatex uses to value total loss vehicles, (ii) Audatex's processes to identify comparable vehicles used to value the total loss vehicle, (iii) the specific procedures Audatex follows to generate the typical negotiation adjustment values by "price bands," (iv) the specific price bands that Audatex uses to apply typical negotiation adjustments to comparable vehicles, (v) the various sources of Audatex's data, (vi) Audatex's rationales for calculating price bands in the manner that it does, including Audatex's filtering of certain data to ensure the typical negotiation adjustment values are accurate and reliable, and (vii) changes that Audatex has made to its methodology.

B.  Plaintiff Damages Expert Dr. Phillip Johnson's Anticipated Testimony

Dr. Phillip Johnson is Plaintiff's damages expert. Dr. Johnson will likely testify about Audatex's typical negotiation adjustment data sources, curation, and methodology. Dr. Johnson's knowledge of that data and methodology is based exclusively on the confidential documents and data that Audatex has produced in this matter. Dr. Johnson's expert reports are replete with analysis, summaries, and graphical representations of Audatex's proprietary data,[2] including millions of advertised prices, sold values, and resulting typical negotiation adjustment values, and Dr. Johnson cites to and relies on thousands of pages of confidential Audatex data as well as confidential information about which Mr. Lowell testified during both his corporate representative and trial preservation depositions. As explained below, the Court has previously protected this confidential information from public disclosure and State Farm requests that it continue to do so during trial.

C.  State Farm Expert Dr. Marais's Anticipated Testimony

State Farm has previously submitted an expert report from Dr. Laurentius Marais, which discussed the flaws in Dr. Johnson's expert opinions. *See* ECF No. 46-15. State Farm anticipates calling Dr. Marais to respond to Dr. Johnson's opinions. Because Dr. Johnson will likely testify regarding Audatex's confidential and proprietary information, State Farm anticipates that Dr. Marais, in order to challenge and refute Dr. Johnson's opinions, will necessarily also testify regarding Audatex's confidential and proprietary documents and data.

---

[2] State Farm has moved to exclude these graphical misrepresentations as irrelevant and misleading in its Omnibus Motion in Limine.

> D.     <u>State Farm and Audatex Have Consistently Sought and Obtained Relief Preventing Disclosure of Audatex's Confidential Information</u>

State Farm and Audatex have repeatedly sought and obtained relief from this Court to protect Audatex's confidential information throughout this matter, including the confidential information likely to be discussed during Mr. Lowell's, Dr. Johnson's, and Dr. Marais's testimony.

After Plaintiff took Mr. Lowell's Fed. R. Civ. P. 30(b)(6) deposition, Audatex timely designated portions of Mr. Lowell's deposition transcript as confidential. Given Audatex's confidentiality designations, Plaintiff filed a redacted version of Mr. Lowell's deposition on the public docket and moved to provisionally file under seal the unredacted version. ECF No. 54-5. State Farm then filed a Response in support of sealing the confidential portions of the Lowell deposition. In it, State Farm explained:

> The Lowell Deposition contains extensive descriptions of the Audatex valuation methodology and extensive descriptions of the proprietary methodology by which Audatex values total loss vehicles, including the specific adjustments Audatex applies to comparable vehicles and the loss vehicle to determine actual cash value, the bases for those adjustments and the data sources used to calculate them, and Audatex's methodology to calculate and verify those adjustments.

ECF No. 60.

Similarly, given the Johnson expert reports' extensive reliance on Audatex's confidential information, Plaintiff provisionally filed Dr. Johnson's expert report under seal. EFC No. 54-1. State Farm again filed a Response in support, requesting that the Court permanently seal Dr. Johnson's expert report. As State Farm explained:

> [T]he Expert Report of Phillip Johnson[] contains extensive descriptions of the Audatex valuation methodology and extensive descriptions of the proprietary methodology by which Audatex values total loss vehicles, including the specific adjustments Audatex applies to comparable vehicles and the loss vehicle to determine actual cash value, the bases for those adjustments and the data sources used to calculate them, and Audatex's methodology to calculate and verify those adjustments.

ECF No. 60.

Likewise, when State Farm filed its motion for summary judgment, it moved to file a redacted version of Dr. Marais's expert report on the public docket. As State Farm's motion to seal explained:

> [T]he Marais Report also includes extensive descriptions of the proprietary methodology by which Audatex values total loss vehicles, the specific adjustments Audatex applies to comparable vehicles and the loss vehicle to determine ACV, the bases for those adjustments, including the data sources used to calculate those adjustments, and Audatex's methodology to calculate and verify those adjustments.

ECF No. 41.

In support of its requests that the Court seal Dr. Johnson's Report and the confidential portions of Mr. Lowell's deposition and Dr. Marais's Report, State Farm provided declarations from Tonia Haugh. Ms. Haugh is Audatex's Data Compliance Manager and has worked for Audatex for more than 35 years. In her declarations, Ms. Haugh stated, among other things, that the confidential information in Mr. Lowell's deposition, Dr. Johnson's Report, and Dr. Marais's Report (i) is treated by Audatex as confidential and proprietary, (ii) is not available to the public or in the public domain—providing Audatex with a financial and competitive advantage over its competitors in the market—and (iii) reflects sensitive information such that disclosure would reveal to Audatex's competitors detailed information regarding the proprietary methods and data that Audatex has developed at great expense over many years. *See* ECF Nos. 42, 60-1. Ms. Haugh further declared that disclosure of Audatex's confidential information would "cause a very substantial commercial injury to Audatex and place it at a material competitive disadvantage in relation to its competitors." ECF Nos. 42, 60-1.

This Court, after reviewing State Farm's Response and supporting documents, found "good cause" to seal Dr. Johnson's expert report as well as the confidential portions of Mr. Lowell's deposition transcript and Dr. Marais's expert report. ECF No. 88. The considerations which led the Court to that conclusion have not changed in any relevant respect and as explained below, the

Court should enter a Protective Order providing for the limited safeguards necessary to prevent injury to Audatex that would result from public disclosure of the proprietary information at issue here. Both Audatex and State Farm have endeavored to ensure that the proposed safeguards are limited, narrow, and appropriately balance the need to protect Audatex's confidential information from disclosure with the public's right of access to the courts.

## ARGUMENT

Every court has "supervisory power" over its records and files, including the ability to protect confidential information from public disclosure. *Seidl v. Am. Century Cos., Inc.*, 799 F.3d 983, 994 (8th Cir. 2015) (quoting *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.,* 898 F.2d 1371, 1376 (8th Cir.1990)). Although there is a common law right of access to judicial records, that "'right of access is not absolute,'" but "'requires a weighing of competing interests.'" *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 791 (8th Cir. 2021) (quoting *Webster Groves Sch. Dist.*, 898 F.2d at 1376). The weighing of competing interests "turns on 'the relevant facts and circumstances of the particular case.'" *Id*. (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). The Eighth Circuit has noted that the interests served by the common-law right of access have "bowed before the power of a court to insure that its records are not used to," among other things, "serve 'as sources of business information that might harm a litigant's competitive standing.'" *Id*. (quoting *Warner Commc'ns, Inc.*, 435 U.S. at 597). When the common-law right of access is implicated, the Eighth Circuit "give[s] deference to the trial court rather than . . . recognizing a 'strong presumption' favoring access." *Id*.

The relief that State Farm seeks balances the common-law right of access with non-party Audatex's right to keep its sensitive business information confidential. Notably, State Farm is not seeking to completely close proceedings during Mr. Lowell's, Dr. Johnson's, or Dr. Marais's

7

testimony. Rather, State Farm asks the Court to implement three far more limited restrictions. First, State Farm asks the Court to preclude Plaintiff from publishing to the gallery any demonstrative displaying, referencing, or summarizing Audatex's confidential information used during Mr. Lowell's, Dr. Johnson's, or Dr. Marais's testimony and instead instruct Plaintiff to print any demonstrative and provide them directly to the jury. State Farm's requested relief does not impact the public's access to the witnesses' testimony, but rather only to attorney-created representations of certain evidence. *See* Fed. R. Civ. P. 26(c)(1)(G) (trial court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or to be revealed only in a specified way").

Second, State Farm requests that the Court seal any confidential Audatex documents introduced during Mr. Lowell's, Dr. Johnson's, or Dr. Marais's testimony for the duration of the trial. Although State Farm cannot know precisely which documents Plaintiff will seek to use during trial, State Farm attaches here as **Appendix A** a list of confidential Audatex documents that it believes Plaintiff may use in conjunction with Mr. Lowell's, Dr. Johnson's, or Dr. Marais's testimony. State Farm's requested relief does not preclude the public from observing testimony regarding the exhibits during trial, but it protects Audatex from having its confidential documents acquired by non-litigants, including its competitors. *See* 3*A Composites USA, Inc. v. United Indus., Inc.*, No. 5:14-CV-5147, 2015 WL 11121362, at *3-4 (W.D. Ark. Nov. 10, 2015) (in lieu of closing court, ordering that introduced trade secret evidence be sealed for the duration of the trial); *Wood v. Robert Bosch Tool Corp.*, No. 4:13cv01888 PLC, 2016 WL 7013034, at *3 (E.D. Mo. Nov. 30, 2016) (noting that court had granted defendant's motion to seal documents and testimony related to "confidential and proprietary information"); *Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338 (S.D. Iowa 1993) (entering order keeping confidential business information under seal following their

admission into evidence at trial). State Farm's request includes the sealing of the actual video recordings of Mr. Lowell's depositions. The Eighth Circuit has held that, as a matter of law, a video recording of a deposition played during trial "is not a judicial record to which the common law right of public access attaches." *United States v. McDougal*, 103 F.3d 651 (8th Cir. 1996).

Third, State Farm requests that the Court clear the courtroom of employees, agents, or representatives (including counsel) of direct competitors of State Farm or Audatex during the testimony of Mr. Lowell, Dr. Johnson and Dr. Marais. State Farm attaches a list of Audatex and State Farm competitors here as **Appendix B**. State Farm's requested relief allows public access to Mr. Lowell's, Dr. Johnson's, and Dr. Marais's testimony for all but a few certain direct competitors whose presence during this testimony could lead to direct commercial harm to Audatex and State Farm. *See 3A Composites USA, Inc.*, 2015 WL 11121362, at *4 (willingness to close courtroom for a limited period of time if competitor was present during sensitive testimony); *Wood*, 2016 WL 7013034, at *3 (noting that the court had agreed to close proceedings); *Qwest Commc'ns Co., LLC v. Free Conferencing Corp.*, No. 10-490 (MJD/SER), 2015 WL 12745809, at *3 (D. Minn. Dec. 7, 2015) (granting motion to "conduct in camera reviews of evidence or close the courtroom as necessary during the trial.").

Throughout this litigation, State Farm and Audatex have consistently and diligently maintained the confidentiality of Audatex's sensitive business information. The Court has previously considered Audatex's confidentiality designations and protected the documents and testimony reflecting Audatex's confidential information by permitting them to be filed under seal. State Farm now respectfully requests that the Court, consistent with its prior rulings, implement the limited and reasonable measures described above to avoid unnecessary disclosure of Audatex's

confidential and proprietary data and information—disclosures which would place non-party Audatex at a significant competitive disadvantage.

## **CONCLUSION**

For the reasons set forth above, the Court should grant State Farm's Motion for a Protective Order.

Dated: April 29, 2025	Respectfully submitted,

<u>*s/ Eric L. Robertson*</u>
Shane Strabala (ABN 2000080)
MUNSON, ROWLETT, MOORE, & BOONE, P.A.
One Allied Dr., Suite 1600
Little Rock, Arkansas 72202
Phone:	501.374.6535
Email:	shane.strabala@mrmblaw.com

Peter W. Herzog III (*pro hac vice*)
Missouri Bar No. 36429
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:	314.326.4129
Email:	pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
Colorado Bar No. 44209
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:	303.244.1800
Email:	robertson@wtotrial.com

John E. Stephenson, Jr. (*pro hac vice*)
Georgia Bar No. 679825
ALSTON & BIRD LLP
1201 West Peachtree, Suite 4900
Atlanta, GA 30309
Phone:	404.881.7697
Email:	john.stephenson@alston.com

*Attorneys for Defendant State Farm Mutual Automobile Insurance Co.*

# APPENDIX A

**I. Confidential Audatex Documents and Data for Potential Use with Lowell Testimony**

| Beginning Bates | Description |
|---|---|
| AUDCHA 000258 | (Autosource State Farm Job Aid) (Defendant Exhibit No. 1 to March 28, 2025, Lowell Trial Preservation Deposition (Lowell Tr. Pres. Dep.)) |
| AUDCHA 000724 | (Excerpts From Audatex Price Bands Spreadsheet) (Defendant Exhibit No. 4 to Lowell Tr. Pres. Dep.; Plaintiff Exhibit No. 4 to Lowell Tr. Pres. Dep.) |
| AUDCHA 000723 | (Excerpt From Audatex List of No Haggle Dealers) (Plaintiff Exhibit No. 3 to Lowell Tr. Pres. Dep.) |
| Expert Report of Dr. Johnson | Graph from Dr. Johnson's Expert Report entitled "Distribution of Sold-to-Advertised Price Ratios April 2021" (Plaintiff Exhibit No. 4 to Lowell Tr. Pres. Dep.) |

**II. Confidential Audatex Documents for Potential Use with Dr. Johnson or Dr. Marais Testimony**

| Beginning Bates | Description |
|---|---|
| AUDCHA 000258 | (Autosource State Farm Job Aid) |
| AUDCHA 000653 | (Audatex Valuation Methodology White Paper) |
| AUDCHA 000666 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000682 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000683 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000685 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000690 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000698A | (Claims Data for State Farm Insureds, Including TNA Ratios applied) |
| AUDCHA 000723 | (Audatex List of No Haggle Dealers) |

| Beginning Bates | Description |
|---|---|
| AUDCHA 000724 | (Audatex Region Four Price Bands) |
| AUDCHA 000758 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000760 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000762 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000764 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000766 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000767 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000768 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000769 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000770 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000771 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000772 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000773 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000774 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000775 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000776 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |

| Beginning Bates | Description |
| --- | --- |
| AUDCHA 000777 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000778 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000779 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000780 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000781 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000782 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000783 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000784 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000789 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000790 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000791 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000792 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000793 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000798 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000799 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000800 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |

| Beginning Bates | Description |
|---|---|
| AUDCHA 000801 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000802 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA 000803 | (Spreadsheet of Audatex Data Used to Generate TNA Ratios) |
| AUDCHA_SF_CONFIDENTIAL_000003 | (Sold eq Ask No-Haggle 4-2015 to 6-2022) |

# **APPENDIX B**

I. **Audatex Direct Competitors**

- CCC Intelligent Solutions

- Mitchell International, Inc.

II. **State Farm Direct Competitors**

- Allstate

- GEICO

- Liberty Mutual

- Progressive (and related entities)

- USAA

## **CERTIFICATE OF SERVICE (CM/ECF)**

I certify that, on April 29, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*s/ Eric L. Robertson*
Eric L. Robertson