IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROSE CHADWICK, on behalf of herself
and all others similarly situated                                                    PLAINTIFF

v.                              No. 4:21-cv-1161-DPM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                  DEFENDANT

### ORDER

The parties have filed motions *in limine*. Here are the Court's rulings.

**1. Chadwick's Motions**

**1.1 Non-ACV Guidebook Estimates**

Denied. National Automobile Dealers Association and Kelley Blue Book values were covered, in general, by O'Rourke and Merritt. O'Rourke can authenticate this publicly available and relevant information, summaries which fall within the market-quotation exception to the hearsay rule. Fed. R. Evid. 803(17) & 1006. The Court sees no prejudice to Chadwick. But if she wants to take a supplemental deposition of O'Rourke on this issue, she may do so on a mutually convenient date in May.

### 1.2   Lowell's Testimony About State Regulations

Granted. The core issue is a contract dispute. Chadwick doesn't allege that State Farm violated Arkansas insurance rules. *Compare Moffit v. State Farm Mutual Automobile Insurance Co.*, 11 F.4th 958, 959 (8th Cir. 2021). Whether State Farm disclosed (as required by Arkansas law) that it made the typical negotiation adjustment is a different issue than whether it broke the parties' contract by making that adjustment. Any testimony about state regulations risks confusing the issues. Fed. R. Evid. 403.

### 1.3   Fernbach's Testimony

Denied, for the same reasons the Court denied Chadwick's *Daubert* motion. Doc. 124 at 3–4.

### 1.4   Underlying Car Accident

Partly granted and partly denied. Basic facts about the underlying accident are admissible context. But State Farm must, as it says it will, steer clear of grisly details.

### 1.5   Class Members Who Opted Out or Are Absent

Partly granted and partly denied. Proof about those who opted out is excluded: They're no longer in the case. In general, and subject to any applicable provision of the Federal Rules of Civil Procedure and Federal Rules of Evidence, proof about absent class members is admissible. The Court has already said State Farm can get into the weeds about them. Doc. 144 at 2. We'll revisit this issue, and discuss

particulars, at the pretrial hearing in light of the parties' pretrial disclosures.

### 1.6   Expert Report Limits

Granted, as to both sides, as unopposed and with a caveat. The National Automobile Dealers Association and Kelley Blue Book information is admissible, through O'Rourke if need be.

### 1.7   Marais's Testimony

Denied with directions. The motion is *Daubert*-ish, and thus a bit tardy. On the merits, and in any event, Dr. Marais can, and must, make plain the "existence/not truth" point about the articles. For the reasons State Farm explains, his historical comparisons critiquing Dr. Johnson's damages model are admissible. Chadwick, of course, may test the weight of Dr. Marais's critique on cross.

## 2. State Farm's Motions

### 2.1   Less-Than-ACV

Denied, for the reasons stated in the Court's previous Order, *Doc. 124*. The parties are free to argue to the jury about whether actual cash value should or shouldn't take negotiations into account. *Doc. 124 at 5–6*.

### 2.2   Violating Arkansas's Insurance Regulations

Granted as unopposed.

### 2.3   Colorful Language

Denied. "The use of colorful pejoratives is not improper." *United States v. Shoff*, 151 F.3d 889, 893 (8th Cir. 1998). The Court reminds all counsel, though, not to go too far.

### 2.4   Negotiation Adjustment Calculated by State Farm

Granted by agreement. Chadwick must speak accurately when describing the business relationship between State Farm and Audatex. But State Farm chose Audatex, used this company's product, and is bound by how Audatex did the work.

### 2.5   "Typical Negotiation Deduction"

Granted. The parties must consistently use the one term that's at issue here — "typical negotiation adjustment" — so as not to confuse the jury. Fed. R. Evid. 403. Chadwick, though, may offer evidence showing that the typical negotiation adjustment is always a deduction and argue from any such evidence.

### 2.6   Typical Negotiation Adjustment's Non-Disclosure

Granted, partly as unopposed and partly based on *Moffit*. Chadwick can cover how it was disclosed, but must steer clear of making, or implying, any claim based on that "how." The Court will give a limiting instruction if needed.

### 2.7   "Appraisal" Language

Denied. The parties can offer testimony, and make argument, about appraisal in the colloquial sense and its formal sense.

### 2.8 Typical Negotiation Adjustment Applied to Chadwick's Vehicle

Granted as unopposed.

### 2.9 Audatex's Modifications After Class Period

Granted. The changes are beyond the parties' dispute. There's a danger of subsequent-remedial-measure-like prejudice. That kind of evidence isn't admissible to prove culpable conduct. Fed. R. Evid. 407.

### 2.10 "Rich" Versus "Poor"

Granted with a caveat. Chadwick may question State Farm's experts on Audatex's grouping methods. But Chadwick must avoid the rich/poor point, which risks a verdict affected by sympathy or class-related feelings. Fed. R. Evid. 403.

### 2.11 California-Specific Calculation Methods

Granted, based on what appears to be unique California law, unless State Farm opens the door with "it can't be done" evidence.

### 2.12 State Farm "Fired" Audatex

Granted, for the same reasons as paragraph 2.9.

### 2.13 Johnson's Expert Report

Denied. The factual basis of an expert's report goes to weight, not admissibility. *Hose v. Chicago Northwestern Transportation Co.*, 70 F.3d 968, 974 (8th Cir. 1995).

### 2.14  Chadwick's Motivations

Granted. Here, too, the Court will reconsider if State Farm opens the door on what (or who) is driving Chadwick's case.

### 2.15  Chadwick's Reservations

Denied. State Farm can cross examine Chadwick about this.

### 2.16  Vulnerable Total-Loss Claimants

Granted. Fed. R. Evid. 403.

### 2.17  State Farm's Other Litigation or Settlement Conduct

Granted as unopposed.

### 2.18  Other Insurance Companies' Total-Loss Litigation

Granted as unopposed.

### 2.19  Discovery Disputes

Granted as unopposed.

### 2.20  State Farm's Representation

Granted as unopposed.

### 2.21  "Hired Gun" Evidence

Granted as unopposed.

### 2.22  State Farm's Finances

Granted as unopposed.

### 2.23  Corporate Misconduct

Denied. This is another colorful pejorative, which Chadwick may use in arguing breach.

\*

Chadwick's motions *in limine* — Doc. 158, 159, 160, 163, & 164 — are granted and denied as specified. State Farm's omnibus motion *in limine*, Doc. 161, is granted and denied as specified.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

1 May 2025