IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **Rose Chadwick**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**State Farm Mutual Automobile Insurance Co.**,<br><br>Defendant. | **Case No. 4:21-cv-1161-DPM** |

**DEFENDANT'S MOTION TO SEAL CONFIDENTIAL INFORMATION IN PLAINTIFF'S RESPONSE TO STATE FARM'S OMNIBUS MOTION IN LIMINE**

Pursuant to the Court's April 29, 2025 Order (ECF No. 178), State Farm Mutual Automobile Insurance Company ("State Farm") submits this motion to seal the confidential testimony and evidence of non-party Audatex North America Inc. ("Audatex") that Plaintiff references in her Response to State Farm's Omnibus Motion in Limine and Brief in Support. *See* ECF No. 169.

**INTRODUCTION**

On April 8, 2025, State Farm filed its Omnibus Motion in Limine and Brief in Support (State Farm's "Motion in Limine"). ECF No. 161. Two weeks later, on April 22, 2025, Plaintiff filed a redacted version of its Response to State Farm's Motion in Limine (Plaintiff's "Response") along with a motion seeking approval to provisionally file certain materials under seal. *See* ECF Nos. 168, 169. In her motion to file under seal, Plaintiff explained that her Response "quote[s], reference[s], summarize[s], and discuss[es] information that [State Farm] and [Audatex] have designated as 'Confidential.'" Plaintiff further explained that the Court had previously allowed those materials to be filed under seal. *See* ECF No. 168.

1

On April 29, 2025, the Court granted Plaintiff's motion to provisionally file that material under seal and allowed State Farm until May 7, 2025 to "show good cause for each redaction with specific reasons." ECF No. 178. Because the materials that Plaintiff provisionally filed under seal contain non-party Audatex's confidential and proprietary information, the disclosure of which could result in competitive harm to Audatex, State Farm respectfully requests that the Court continue to seal that information.

## ARGUMENT

The Audatex confidential and proprietary information included in Plaintiff's Response that was provisionally filed under seal comes from three sources: (1) the deposition testimony of Audatex's corporate designee, Neal Lowell; (2) an expert declaration submitted by Mr. Lowell in this matter, and (3) the report of Plaintiff's damages expert Dr. Phillip Johnson, which analyzes Audatex's confidential and proprietary information. As Plaintiff recognizes, State Farm has previously asked this Court to seal the material that Audatex has designated as confidential in Mr. Lowell's deposition testimony, Mr. Lowell's declaration, and Dr. Johnson's report, and the Court has granted those requests.

Specifically, in support of State Farm's Opposition to Plaintiff's Motion for Class Certification, State Farm submitted a redacted version of Mr. Lowell's expert declaration. ECF No. 69-1. In conjunction with State Farm's Opposition, State Farm filed a motion to seal certain materials, including the confidential portions of Mr. Lowell's declaration, which addressed the need for sealing that material:

> The redacted portions of the Lowell Declaration contain extensive descriptions of the Audatex valuation methodology, which includes extensive descriptions of the proprietary methodology by which Audatex values total loss vehicles, the specific adjustments Audatex applies to comparable vehicles and the loss vehicle to determine actual cash value ("ACV"), the bases for those adjustments, including the data sources used to calculate those adjustments, and Audatex's methodology to calculate and verify those adjustments.

2

ECF No. 61 ¶ 5.

Similarly, after Plaintiff took Mr. Lowell's Fed. R. Civ. P. 30(b)(6) deposition in this matter, Audatex timely designated portions of Mr. Lowell's deposition transcript as confidential. Given Audatex's confidentiality designations, Plaintiff filed a redacted version of Mr. Lowell's deposition on the public docket and moved to provisionally file under seal the unredacted version. ECF No. 54-5. State Farm then filed a response in support of sealing the confidential portions of Mr. Lowell's deposition which explained the need for sealing the designated portions:

> The Lowell Deposition contains extensive descriptions of the Audatex valuation methodology and extensive descriptions of the proprietary methodology by which Audatex values total loss vehicles, including the specific adjustments Audatex applies to comparable vehicles and the loss vehicle to determine actual cash value, the bases for those adjustments and the data sources used to calculate them, and Audatex's methodology to calculate and verify those adjustments.

ECF No. 60, App'x A.

Finally, given the Johnson Report's extensive reliance on Audatex's confidential information, Plaintiff provisionally filed the entirety of Dr. Johnson's Report under seal. ECF No. 54-1. As with Mr. Lowell's declaration, State Farm filed a response in support of sealing Dr. Johnson's Report, requesting that it be permanently sealed. As State Farm explained:

> [T]he Expert Report of Phillip Johnson[] contains extensive descriptions of the Audatex valuation methodology and extensive descriptions of the proprietary methodology by which Audatex values total loss vehicles, including the specific adjustments Audatex applies to comparable vehicles and the loss vehicle to determine actual cash value, the bases for those adjustments and the data sources used to calculate them, and Audatex's methodology to calculate and verify those adjustments.

ECF No. 60, App'x A.

In support of its requests that the Court seal the confidential portions of Mr. Lowell's deposition and declaration as well as Dr. Johnson's Report, State Farm provided declarations from Tonia Haugh. Ms. Haugh is Audatex's Data Compliance Manager and has worked for Audatex for

more than 35 years. In her declarations, Ms. Haugh stated, among other things, that the confidential information in Mr. Lowell's declaration, Mr. Lowell's deposition, and Dr. Johnson's Report (i) is treated by Audatex as confidential and proprietary, (ii) is not available to the public or in the public domain—providing Audatex with a financial and competitive advantage over its competitors in the market—and (iii) reflects sensitive information such that disclosure would reveal to Audatex's competitors detailed information regarding the proprietary methods and data that Audatex has developed at great expense over many years. *See* ECF Nos. 42, 60-1. Ms. Haugh further declared that disclosure of Audatex's confidential information would "cause a very substantial commercial injury to Audatex and place it at a material competitive disadvantage in relation to its competitors." ECF Nos. 42 ¶ 13; 60-1 ¶ 13.

This Court, after reviewing State Farm's Response and supporting documents, found "good cause" to seal the confidential portions of Mr. Lowell's declaration and deposition transcript as well as Dr. Johnson's Report. ECF Nos. 57, 88. The considerations which led the Court to that conclusion have not changed in any relevant respect and State Farm respectfully requests that the Court, consistent with its prior rulings, allow Audatex's confidential and proprietary information to remain under seal for the following reasons:[1]

---

[1] Consistent with this Court's rulings, several courts around the country in similar disputes have allowed the confidential material in Mr. Lowell's deposition and Dr. Johnson's report to remain under seal. *See, e.g.*, *Ellis v. State Farm Mut. Auto. Ins. Co.*, No. 6:22-cv-1005 (M.D. Fla. April 10, 2025) at ECF No. 111 (finding "good cause" to seal the confidential portions of Mr. Lowell's deposition as well as Dr. Johnson's expert report); *Wiggins v. State Farm Mut. Auto. Ins. Co.*, No. 8:21-CV-03803-DCC, 2023 WL 3840575, at *3 (D.S.C. May 31, 2023) ("[T]he Court finds that Audatex has demonstrated good cause to uphold the confidential designation of the [Lowell] deposition testimony and the Johnson Report."); *Clippinger v. State Farm Auto. Ins. Co.*, No. 2:20-cv-02482, ECF No. 136 at 8 (W.D. Tenn. Jan. 3, 2024) (finding that Johnson's report should be kept confidential "[b]ecause his report is nothing more than a heavy analysis of Audatex's data" and that Lowell's testimony should be kept confidential because "Mr. Lowell is specifically detailing the data, methodology, and application behind Audatex").

| **Redaction** | **Reasons to Maintain Seal** |
|---|---|
| **Redaction No. 1** (ECF No. 169 at 9): In Plaintiff's Response to State Farm Motion in Limine No. 10 (which the Court has now granted), Plaintiff quotes from and describes a confidential portion of Mr. Lowell's expert declaration. | The portion of Mr. Lowell's expert declaration that Plaintiff quotes and describes concerns specific consumer negotiating behavior that Audatex has quantified through its analysis of the data. That information is highly confidential, proprietary, and commercially sensitive, and it should remain under seal for the same reasons earlier argued by State Farm and accepted by this Court. *See* ECF Nos. 42 at 4; 61-1 at 5; *see also* ECF No. 88 at 1 (sealing various materials for "good cause shown document by document"). |
| **Redaction No. 2** (ECF No. 169 at 11): In Plaintiff's Response to State Farm's Motion in Limine No. 11 (which the Court has also now granted), Plaintiff redacts three sentences that all discuss multiple confidential aspects of Audatex's information. Plaintiff's Response references the specific states from which Audatex obtains data used to calculate the Typical Negotiation Adjustments, as discussed in the Lowell testimony. Plaintiff also discusses Audatex's analysis of consumer negotiating behavior that Audatex has derived from the data, with cites to both the Johnson Report and the Lowell expert declaration. | Plaintiff's redactions concern specific consumer negotiating behavior that Audatex has quantified through its analysis of the data. That information is highly confidential, proprietary, and commercially sensitive, and it should remain under seal for the same reasons earlier argued by State Farm and accepted by this Court. *See* ECF Nos. 42 at 4; 61-1 at 5; *see also* ECF No. 88 at 1 (sealing various materials for "good cause shown document by document"). |
| **Redaction No. 3** (ECF No. 169 at 12): In Plaintiff's Response to State Farm's Motion in Limine No. 12 (which has also now been granted by the Court), Plaintiff redacts two sentences discussing changes to Audatex's methodology and the specific effect on the TNA of those changes. Plaintiff cites specific testimony from Mr. Lowell's deposition during this discussion. | Plaintiff's redactions concern Audatex's specific methodology regarding how Typical Negotiation Adjustments are calculated, which is highly confidential, proprietary, and commercially sensitive. Further, the Court has granted State Farm's Motion in Limine No. 12 (ECF No. 181), rendering the Audatex information referenced in Motion in Limine No. 12 no longer relevant. This information should remain under seal for the same reasons earlier argued by State Farm and accepted by this Court. *See* ECF Nos. 42 at 4; 61-1 at 5; *see also* ECF No. 88 at 1 (sealing various materials for "good cause shown document by document"). |

5

| Redaction | Reasons to Maintain Seal |
|---|---|
| **Redaction No. 4** (ECF No. 169 at 12-13): In Plaintiff's Response to State Farm's Motion in Limine No. 13, Plaintiff redacts two sentences describing in detail multiple charts from Dr. Johnson's expert report. | As previously explained, the charts in Dr. Johnson's report purport to analyze and provide visual representation of the proprietary and confidential Audatex data supporting the TNA values that Audatex produced to Plaintiff pursuant to Plaintiff's third-party subpoenas. That information is highly confidential, proprietary, and commercially sensitive, and it should remain under seal for the same reasons earlier argued by State Farm and accepted by this Court. *See* ECF Nos. 42 at 4; 61-1 at 5; *see also* ECF No. 88 at 1 (sealing various materials for "good cause shown document by document"). |

## CONCLUSION

For the reasons set forth above, the Court should maintain the sealing of the confidential and proprietary Audatex material referenced in Plaintiff's Response to State Farm's Omnibus Motions in Limine.

Dated: May 7, 2025  Respectfully submitted,

*s/ Peter W. Herzog III*
Shane Strabala (ABN 2000080)
MUNSON, ROWLETT, MOORE, & BOONE, P.A.
One Allied Dr., Suite 1600
Little Rock, Arkansas 72202
Phone:    501.374.6535
Email:    shane.strabala@mrmblaw.com

Peter W. Herzog III (*pro hac vice*)
Missouri Bar No. 36429
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:    314.326.4129
Email:    pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
Colorado Bar No. 44209
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:    303.244.1800
Email:    robertson@wtotrial.com

John E. Stephenson, Jr. (*pro hac vice*)
Georgia Bar No. 679825
ALSTON & BIRD LLP
1201 West Peachtree, Suite 4900
Atlanta, GA 30309
Phone:    404.881.7697
Email:    john.stephenson@alston.com

*Attorneys for Defendant State Farm Mutual Automobile Insurance Co.*

## CERTIFICATE OF SERVICE (CM/ECF)

I certify that, on May 7, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*s/ Peter W. Herzog III*