IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROSE CHADWICK, on behalf of herself
and all others similarly situated                                          PLAINTIFF

v.                          No. 4:21-cv-1161-DPM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                          DEFENDANT

ORDER

The Court held a post-trial status hearing on 16 July 2025. Based on the parties' helpful pre-hearing filings, and the discussion at the hearing, the Court decided on the next steps to move this case toward a final Judgment.

*First*, based on all the material circumstances, the Court declined State Farm's request to enter a combined Rule 54(b) Judgment/28 U.S.C. § 1292 certification.

*Second*, the jury's verdict resolved many issues. As to Chadwick, and the class, State Farm violated the parties' contract. Chadwick, and the class members, are not estopped to assert that breach. And the damages sustained by Chadwick, and each class member, are the difference between (a) the "actual cash value" of the totaled vehicle as calculated by the Autosource Report, but removing any "typical negotiation adjustment" in that Report, and (b) the "actual cash value"

of the totaled vehicle as calculated by the Autosource Report, including any "typical negotiation adjustment" in that Report. *Doc. 248 at 3.* The Court ruled as a matter of law that Chadwick (and class members situated like her) did not waive the breach. The Court also held that there could be individualized fact questions about State Farm's waiver defense to the breach claims of some class members—those who questioned a valuation partly based on a typical negotiation adjustment, but nonetheless eventually accepted payment of that amount or some greater amount. Where to draw this line was left undecided.

*Third*, in addition to hearing evidence about how Chadwick's damages (and those of each member) could be calculated, the jury heard evidence about the numbers as to Chadwick. A similar calculation must now be done for each class member.

*Fourth*, we must also address the waiver defense as to class members who, unlike Chadwick, did not accept the TNA-affected amount initially offered by State Farm.

*Fifth*, the Court decided that the fairest and most efficient way to address the unresolved issues is a fluid process along the following lines. The Court will refine the process, and make additional decisions about the best way to get a final Judgment, as the material circumstances become clearer.

- On a rolling basis, State Farm must produce the Autosource report for each class member. State Farm must also identify—with an explanatory phrase or by descriptive category—each class member to whom it believes a waiver defense applies. This group is limited to class members not situated like Chadwick; the Court has decided the waiver issue as to class members in her circumstances. For class members in this maybe-waiver group, State Farm must also produce material parts of the claim file. State Farm must complete its production as soon as practicable and no later than 30 January 2026.

- The parties must file a joint status report on progress on the first business day of each odd-numbered month starting in September 2025.

- In February, March, and April 2026, the parties must collaborate, evaluate, and sort the maybe-waiver group issues. Can any be resolved by agreement? Are there buckets of similarly situated folks that could be amenable to sub-group treatment for motion practice and trial? Which class members need individualized adjudication on waiver?

- The parties must file a comprehensive joint report on their evaluation and sorting by 24 April 2026.

- The Court will hold an in-person status conference at 1:30 on 11 May 2026. Thereafter, with the parties' help, the Court will decide the best path to Judgment.

- If motion practice and mini-trials are needed, the Court anticipates proceeding on stipulated background facts, one set of jury instructions, one set of *in limine* rulings, and a

global *voir dire*. The parties should hold 7–18 December 2026 for any needed mini-trials. The Court requests consent to magistrate judges presiding over some of the trials. The Court envisions several judges presiding over flights of one- to two-day trials during this two-week period. Similar additional sessions could be scheduled if need be. Again, this is a tentative plan, which the Court will modify as needed as the case develops.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 July 2025