# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**ROSE CHADWICK, on behalf of herself
and all others similarly situated**                                **PLAINTIFF**

v.                                No. 4:21-cv-1161-DPM

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**                                **DEFENDANT**

## ORDER

1.     This case has been long and hard-fought. After Rose Chadwick (individually, and as class representative) prevailed (subject to a carve-out of State Farm's waiver defense) in a jury trial, and the parties completed further targeted discovery on issues about the carve-out, she and State Farm settled on all issues. Because this is a class action, the Court must approve any settlement. Fed. R. Civ. P. 23(e).

2.     The unopposed motion for preliminary approval of the proposed class settlement, *Doc. 284*, is granted as modified and with some caveats. The Court has reviewed the settlement and preliminarily approves it as fair, reasonable, and adequate, subject to further consideration at the final approval hearing.

3.     The Court preliminarily finds that the proposed settlement should be approved because:

- It is likely fair, reasonable, and adequate under Rule 23(e)(2);

- The class representative and class counsel have adequately represented the class;

- The proposal treats class members equitably relative to each other, Rule 23(e)(2)(D);

- The Court will likely be able to certify a class for Judgment under Rule 23(a) & (b)(3);

- The parties have filed the proposal and there are no side agreements, Rule 23(e)(3);

- The proposal is the result of arm's-length negotiations by experienced lawyers, with the assistance of a neutral mediator;

- The proposed notice plan to the class members satisfies due process and is reasonably calculated to inform the class members of the nature of the action, the scope of the settlement class, the terms of the settlement agreement, the rights of the settlement class members to object and opt out, and the final approval hearing; and

- A hearing will be held after notice to the settlement class to confirm that the settlement is fair, reasonable, and adequate, and to determine whether the Court should enter Judgment approving the settlement and dismiss this case.

4. The Court finds that the settlement agreement justifies providing notice of the settlement and the final approval hearing to the

settlement class.  It also meets all applicable requirements of law, including Fed. R. Civ. P. 23 and the Class Action Fairness Act, 28 U.S.C. § 1715.

5.      The Court previously certified the following class under Federal Rule of Civil Procedure 23(b)(3):

> All persons who made a first-party claim on a policy of insurance issued by State Farm Mutual Automobile Insurance Company to an Arkansas resident where, from 29 November 2016 through the date an Order granting class certification is entered, State Farm Mutual Automobile Insurance Company determined that the vehicle was a total loss and based its claim payment on an appraisal report from Audatex where a typical negotiation deduction was applied to at least one comparable vehicle.

*Doc. 124 at 7.*  In the same Order, the Court appointed Rose Chadwick as class representative and her attorneys of record as class counsel.  *Doc. 124 at 8–9.*

The Court filed that Order in March 2024.  By the time we got to trial in June 2025, it was undisputed that State Farm stopped using Audatex in mid-October 2021.  *E.g., Doc. 46-11 at 6–7 & Doc. 125 at 1 n.1.* The class period therefore narrowed.  The jury decided the case based on this shorter period.  *E.g., Doc. 247 & Doc. 248.*

6.      Under Fed. R. Civ. P. 23(a) and (b)(3), for the purposes of Judgment on the proposed settlement, the Court preliminarily approves the following settlement class:

> All persons who made a first-party claim on a policy of insurance issued by State Farm Mutual Automobile Insurance Company to an Arkansas resident where, from November 29, 2016, through October 18, 2021, State Farm Mutual Automobile Insurance Company determined that the vehicle was a total loss and based its claim payment on a report from Audatex where a typical negotiation adjustment was applied to at least one comparable vehicle.

This settlement class accurately captures the applicable time period. The settlement class excludes these individuals: State Farm (all present or former officers, directors, employees, or legal representatives); class counsel; myself and any member of my immediate family; and policyholders who timely opt-out of the settlement class.

All the reasons for which the Court previously found that the class met the requirements of Fed. R. Civ. P. 23(a) apply to the proposed settlement class. *Doc. 124 at 7–9 & Doc. 144.* The use of the Audatex system was the common and predominant issue. The settlement class is ascertainable. All material things considered, the Court finds that the proposed settlement class meets the requirements of Fed. R. Civ. P. 23(a) & (b). The Court appoints Rose Chadwick as settlement class representative, and appoints her lawyers as settlement class counsel.

7. The Court appoints Rust Consulting to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

8.      State Farm has agreed to pay attorney's fees, litigation costs, and the service award, and to reimburse class counsel for the costs of notice and administration separately.  There will be zero reduction in any settlement class member's individual claim payment for the listed items.  These separate payments are additional benefits to settlement class members.

9.      The Court finds that the proposed notice program to the settlement class satisfies due process requirements and complies with Fed. R. Civ. P. 23.  It's reasonably calculated to inform the settlement class members of this action's nature, the settlement class's scope, the settlement agreement's terms, the settlement class members' rights, and the time, date, and location of the final approval hearing.  The Court therefore approves the notice program and directs the parties and Rust Consulting to proceed with that program.

10.      The Court approves the form, content, and requirements of the email notice (Exhibit A) and the mail notice (Exhibit B).  It also approves, with the listed changes, the form, content, and requirements of the long-form notice (Exhibit C) and the claim form (Exhibit D), both of which will be provided on the settlement website.

| Exhibit C | • Remove several "and/or" terms. *Doc. 285 at 72–74.* |
| | • Add initial capitals on "Request for Exclusion". *Doc. 285 at 73.* |

| | |
|---|---|
| | - Include the full case name and number — *Chadwick v. State Farm Mutual Automobile Insurance Co.*, No. 4:21-cv-1161-DPM — in the Request for Exclusion requirements. *Doc. 285 at 73.*<br><br>- Add an electronic option to submit a Request for Exclusion. *Doc. 285 at 73.*<br><br>- Change all "Notice of Intent to Object" references to "objection". *Doc. 285 at 74.*<br><br>- Insert the address for filing objections: Clerk of Court, U.S. District Court for the Eastern District of Arkansas, Richard Sheppard Arnold United States Courthouse, 500 West Capitol Avenue, Little Rock, Arkansas 72201<br><br>- Include the full case name and number — *Chadwick v. State Farm Mutual Automobile Insurance Co.*, No. 4:21-cv-1161-DPM — in the objection requirements. *Doc. 285 at 74.* |

| | |
|---|---|
| | • Change all "Fairness Hearing" references to "Final Approval Hearing". *Doc. 285 at 74.* |
| Exhibit D | • Add a comma after "If this affirmation is not signed [,]." *Doc. 285 at 78.* |

**11.** No later than 11 May 2026, Rust Consulting must begin the notice program. Before the final approval hearing, class counsel must file a declaration executed by Rust Consulting and attesting to the timely completion of the notice program. Rust Consulting must maintain the settlement website to provide full information about the settlement.

**12.** Any settlement class member who wishes to be excluded from the settlement must send a written "Request for Exclusion" to Rust Consulting at the address specified in the notice. To be valid, the Request for Exclusion must:

- Be postmarked, or filed electronically, no later than 25 June 2026;

- Include the name and number of this case — *Chadwick v. State Farm Mutual Automobile Insurance Co.*, No. 4:21-cv-1161-DPM;

- Include the settlement class member's full name, current address, and phone number

- State the settlement class member's desire to be excluded; and

- Be signed by the settlement class member.

13. Settlement class members who timely request exclusion from the settlement will relinquish their rights and benefits under the settlement, and won't release any claims against State Farm.

14. If a Request for Exclusion isn't postmarked, or filed electronically, by 25 June 2026, it will be invalid. The settlement class member will be included as a member of the settlement class. They will be bound by the terms of the settlement, the final approval Order, and the Judgment, even if they previously initiated or later initiate individual litigation or any other proceedings against State Farm.

15. Rust Consulting must promptly provide all parties with copies of any Request for Exclusion. Chadwick must file a list of all persons who have validly opted out of the settlement with the Court by 3 July 2026.

16. Settlement class members have a right to object to approval of the proposed settlement, to the award of attorneys' fees and litigation expenses, to Chadwick's service award, or to all of these things. Any settlement class member who wishes to do so must file a written statement (along with any supporting papers) with the Clerk of Court, U.S. District Court for the Eastern District of Arkansas, Richard

Sheppard Arnold United States Courthouse, 500 West Capitol Avenue, Little Rock, Arkansas 72201. To be valid, the statement must:

- Be postmarked, or filed electronically by a lawyer, no later than 15 June 2026;

- Include the name of the case and case number — *Chadwick v. State Farm Mutual Automobile Insurance Co.*, No. 4:21-cv-1161-DPM;

- Include the objector's name, address, telephone number, and signature;

- Include the specific reasons why the settlement class member objects to the terms of the settlement;

- Include the name, address, bar number, email address, and telephone number of any lawyer who represents the settlement class member related to their objection;

- Say whether the settlement class member or their lawyer intends to appear at the final approval hearing; and

- Say whether the settlement class member or their lawyer will request permission to address the Court at the final approval hearing.

If the objector wishes to appear at the final approval hearing, either personally or through counsel who files an appearance with the Court, they must indicate their intention on the written objection letter, and include the following information:

- A statement of the legal and factual basis for each objection;

- A list of any witnesses the settlement class member may call at the final approval hearing;

- A list of any legal authority the settlement class member will present at the final approval hearing; and

- Identification of either the settlement class member's member number or full name and address when the total loss occurred.

If an objection doesn't contain each listed item of information, is mailed to the incorrect address, or is untimely, the objection will be considered invalid and the objector will have waived their objection.

17.    If a settlement class member or any of the objecting attorneys objected to any other class action settlement where the objector or the objecting attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each case by full case caption and amount of payment received.  Any challenge to the settlement agreement or the Judgment will be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

18.    A settlement class member who timely filed a written objection stating the settlement class member's intention to appear at

the final approval hearing may come to the hearing in person, or appear through counsel, to be heard regarding their objection. But it's not necessary for a settlement class member who filed a timely objection to appear at the final approval hearing.

19.   Any settlement class member who doesn't object to the settlement as described above will have waived and forfeited any rights to object, appear, present witness testimony, or submit evidence. They won't be able to appear, speak, or introduce any testimony or evidence at the final approval hearing.  They will be precluded from seeking review of the settlement by appeal or other means.  They will be bound by all terms of the settlement and the rest of the Orders and Judgment in this case.

20.   The Court will hold the final approval hearing on the proposed settlement at 9:00 a.m. on Wednesday 15 July 2026 in courtroom 1A of the Richard Sheppard Arnold United States Courthouse, 500 West Capitol Avenue, Little Rock, AR 72201.  At the hearing, the Court will:

- Finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23(a) & (b)(3) are met;

- Determine whether the settlement is fair, reasonable, and adequate, and should be given final approval by the Court;

- Determine whether Court should enter the Judgment as provided under the settlement agreement;

- Consider the application for an award of attorneys' fees and litigation expenses of class counsel;

- Consider the application for Chadwick's service award; and

- Rule on any other matters as the Court may deem appropriate.

21.    By 28 May 2026, class counsel must file their motion for final approval and any application for attorneys' fees, litigation expenses, and Chadwick's service award.  The Court directs Rust Consulting to post the fee petition on the settlement website.  By 3 July 2026, class counsel must file any supplemental papers in support of final approval of the settlement.  This includes a response to any objections filed by settlement class members.

22.    The final approval hearing may be postponed, adjourned, transferred, or continued by Court order without further individualized notice to the settlement class.  But, any postponement, rescheduling, continuation, or transfer must be promptly and prominently posted on the settlement website.  At, or after, the final approval hearing, the Court may enter a final order and Judgment in accordance with the settlement agreement that will adjudicate the rights of all settlement class members.

- 12 -

**23.** Here's the schedule:

| | |
|---|---|
| Deadline for State Farm to provide updated class data to class counsel and Rust Consulting | 13 April 2026 |
| Deadline for beginning emailing and mailing of the court-approved notices to settlement class members and posting the long-form notice and claim form on the settlement website (the notice date) | 11 May 2026 |
| Deadline for Chadwick to file papers in support of final approval and application for attorneys' fees and expenses | 28 May 2026 |
| Deadline for Rust Consulting to post Chadwick's papers in support of final approval and application for attorneys' fees and expenses | 29 May 2026 |
| Deadline for objections | 15 June 2026 |
| Deadline for Requests for Exclusion | 25 June 2026 |
| Deadline for any response to any timely and valid objections, any supplemental brief about the final approval, and for providing a list of any opt-outs | 3 July 2026 |
| Final approval hearing | 15 July 2026 |
| Deadline for submitting claim forms (postmarked or electronically filed) | 19 August 2026 |

24.  Settlement class members don't need to appear at the final approval hearing or take any other action to indicate their approval.

25.  To protect its jurisdiction to consider the settlement's fairness, and to enter a final approval order and Judgment with a binding effect on all settlement class members, the Court enjoins all members of the settlement class, and anyone who acts or purports to act on their behalf, from pursuing or continuing to pursue all other proceedings in any state or federal court or any other proceeding that seeks to address releasing parties' or any settlement class member's rights or claims relating to, or arising out of, any of the released claims.

26.  The settlement doesn't constitute an admission, concession, or indication by the parties of the validity of any claims or defenses in the action or of any liability, fault, or wrongdoing of any kind by State Farm.  State Farm vigorously denies all the claims and allegations raised in this case.

27.  If the proposed settlement is terminated under the terms of the settlement, or if for any reason the Court's approval of it doesn't become final and is no longer subject to appeal, then:

- The settlement becomes null and void, including any provisions related to the award of attorneys' fees and costs.  It won't have any more force and effect with respect to any party in this case.  The settlement may not be referred to or used as evidence or for any other purpose in this case or any other action or proceeding.

- All negotiations, proceedings, documents prepared, and statements made in connection to the settlement will be without prejudice to any person or party to it. The settlement won't be deemed or construed to be an admission by any party of any act, matter, or proposition. It won't be used in for any purpose in any subsequent proceeding in this case or in any other action in any court or other proceeding. But the settlement's termination won't shield any factual information provided in connection with the negotiation of this settlement that would ordinarily be discoverable (but for the attempted settlement) from subsequent discovery.

- This Order will be vacated and won't have any further effect, as if it had never been entered.

- Any party may move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their lawyers) may oppose any such motion.

28.     The Court retains jurisdiction to consider all further matters connected with the settlement. The Court may approve the settlement, with any modifications that the parties may agree to, and the Court approves for good reasons, without further individualized notice to the settlement class. In the event any such modification is made, notice thereof will be promptly and prominently posted on the settlement website.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_27 March 2026_

# Exhibit A

**To:**

**From:**

**Subject:**   State Farm Settlement Claim Form – File Your Claim Form Here

If your vehicle was totaled while insured by State Farm Mutual Automobile Insurance Company, you may be entitled to a cash payment for underpayment of the actual cash value of your vehicle.

*A court authorized this notice. This is not a solicitation from a lawyer.*

**The estimated average cash payment is $489.**

**File a Claim Form here with your UNIQUE ID and WEB REGISTRATION CODE to be eligible.**
**UNIQUE ID: [insert]**
**WEB REGISTRATION CODE: [insert]**

**IMPORTANT: You must file a claim for your potential cash payment by [Date].**

**What is this Notice About?** A settlement has been reached in a class action lawsuit, *Chadwick v. State Farm Mutual Automobile Ins. Co.*, Case No. 4:21-cv-1161 (the "Class Action"), alleging State Farm Mutual Automobile Insurance Company ("State Farm") paid their insureds less than the actual cash value of their total loss vehicles.

The purpose of this Notice is to provide information about this Settlement and explain your rights and options.

**What Does the Settlement Provide?** Subject to Court approval, the Settlement resolves all claims brought in this Class Action against State Farm for allegedly paying its insureds less than the actual cash value of their total loss vehicles in exchange for a cash settlement. Total payments available are $15,583,700.

File your Claim here or by mail postmarked by [DATE], to be eligible.

The estimated average recovery amount is $489 per eligible claim.

**Who Represents Me?** The Court has appointed lawyers from Carney Bates & Pulliam PLLC, Normand PLLC, Jacobson Phillips PLLC, and Bailey Glasser LLP to serve as Class Counsel. You do not have to pay Class Counsel to participate. Instead, if they recover money for the Settlement Class, the lawyers will ask the Court for a separate award of fees or expenses.

**Other Options.** If you do not want to be legally bound by the Settlement, you must opt out of the Settlement postmarked by [DATE]. If you do not opt out, you will give up the right to sue and will release State Farm and Released Parties about the legal claims in this lawsuit. If you do not opt out, you may object to the Settlement by [DATE]. The Long Form Notice on the Settlement Website,

If you do not want emails about this matter, please unsubscribe [_____].

www.XXXXXXX.com, explains how to opt out or object.

If you do nothing, you will get no cash payment, and you will be bound by the Settlement and any judgments and orders.

The Court will hold the Final Approval Hearing at ___.m. on [date], to consider whether to approve the Settlement, Class Counsel's attorneys' fees and expenses, and any objections. You or your lawyer may attend and ask to appear at the hearing, but you are not required to do so. The hearing may be held remotely, and if so, instructions will be at www.XXXXXXXXX.com.

**This notice is a summary. Learn more about the Settlement** at www._____.com, or you may contact the Administrator at XXX-XXX-XXXX or Class Counsel at XXX-XXX-XXXX.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANT, YOUR STATE FARM AGENT, OR DEFENDANT'S COUNSEL TO ASK QUESTIONS ABOUT THIS ACTION OR THIS NOTICE. THEY CANNOT ANSWER ANY QUESTIONS OR DISCUSS THE ACTION.**

If you do not want emails about this matter, please unsubscribe [_____].

# Exhibit B

*Chadwick v. State Farm Mutual Auto. Ins. Co.*
Settlement Administrator
[insert address]



BARCODE
NO-PRINT
ZONE

FIRST-CLASS MAIL
U.S. POSTAGE
PAID

PERMIT NO.xxxx

Court-Approved Legal Notice

**If your vehicle was totaled while insured in Arkansas by State Farm Mutual Automobile Ins. Co., between 2016 and 2021 you may be entitled to a cash payment for underpayment of the actual cash value of your vehicle.**

*A Court has authorized this notice.*
*This is **not** a solicitation from a lawyer.*

www.XXXXXXXXXXX.com
1-XXX-XXX-XXXX

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

**Complete and mail the attached Claim Form** by **[DATE]** to be eligible to receive a cash payment. (Postage is prepaid)

**The estimated average cash payment is: $489.**

**What does the Settlement Provide?** Subject to Court approval, a settlement has been reached in a class action lawsuit alleging State Farm paid their Arkansas insureds less than the actual cash value of their total loss vehicles. Total payments available are $15,583,700.

**Other Options.** If you do not want to be legally bound by the Settlement, you must mail an opt-out request postmarked by **[DATE]**. If you do not opt-out, you will give up the right to sue and will release State Farm and Released Parties for the legal claims in this lawsuit. If you do not opt out, you may object to the Settlement by **[DATE]**. The Long Form Notice on the Settlement Website explains how to opt-out or object. If you do nothing, you will get no cash payment, and you will be bound by the Settlement and any judgments and orders.

**Who represents me?** The Court has appointed lawyers from Carney Bates & Pulliam PLLC, Normand PLLC, Jacobson Phillips PLLC, and Bailey Glasser LLP, to serve as Class Counsel. You do not have to pay them to participate. Instead, if they recover money for the Settlement Class, the lawyers will ask the Court for a separate award of fees or expenses.

The Court will hold a Final Approval Hearing on **[DATE]**, to consider whether to approve the Settlement, Class Counsel's attorneys' fees and expenses, and any objections. You or your lawyer may attend and ask to appear at the hearing, but you are not required to do so.

**This notice is a summary. Learn more about the Settlement at** www.XXXXXXX.com or you may contact the Administrator at 1-XXX-XXX-XXXX or Class Counsel at XXX-XXX-XXXX.

<<UNIQUE ID>>

---

**CLAIM FORM**

**Claims must be postmarked or submitted online by [DATE].**

First Name: <<NAME 1>>                    Last Name: <<NAME 2>>

Mailing Address:          <<ADDRESS LINE 1>>
                         <<ADDRESS LINE 2>>
                         <<ADDRESS LINE 3>>
                         <<CITY, STATE ZIP>>

Please update your information below if it is different than above (please print clearly):

Name (First and Last): _____

Address: _____

City:_____ State: _____ Zip: _____

**By signing my name, I swear and affirm I am completing this Claim Form to the best of my personal knowledge.
I certify I am the person who made the insurance claim identified above or I am the legally authorized personal
representative, guardian, or trustee of the person who made the insurance claim and that the information on this
Claim Form is true and correct.**

Signature: _____

NO-PRINT
ZONE

PREPAID
POSTAGE

*Chadwick v. State Farm Mutual Auto. Ins. Co.*
Settlement Administrator
[insert address]

- 23 -

# Exhibit C

**U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS**
*Chadwick v. State Farm Mutual Automobile Ins. Co.*, Case No. 4:21-cv-1161

## If your vehicle was adjusted to be a total loss by State Farm Mutual Automobile Ins. Co. ("State Farm"), you may be entitled to a cash payment for underpayment of the actual cash value of your vehicle.

**A court authorized this notice. This is not a solicitation from a lawyer. You are not being sued.**

### PLEASE READ THIS NOTICE CAREFULLY

A settlement has been reached in the lawsuit *Chadwick v. State Farm Mutual Automobile Ins. Co.*, Case No. 4:21-cv-1161 (the "Class Action"), which is pending in the Eastern District of Arkansas, Eastern Division (the "Court"), alleging that State Farm paid its insureds in Arkansas less than the actual cash value of their total loss vehicles. Total payments potentially available to the entire class are $15,583,700.

Members of the Settlement Class who submit a valid and timely Claim Form are eligible for payment of pro rata percentage of the Typical Negotiation Adjustment ("Claim Amount") for covered total loss claims.

This Notice explains: 1) the terms of the Settlement; 2) who is a member of the Settlement Class; 3) how to submit a Claim Form for payment; 4) how to request exclusion from the Settlement; 5) how to object to the Settlement; and 6) how to get more information about the Settlement.

IF YOU ARE A SETTLEMENT CLASS MEMBER, THIS LAWSUIT MAY AFFECT YOUR RIGHTS.

| Your Legal Rights & Options | | Deadline |
|---|---|---|
| **Submit a Claim Form** | The only way to get a Claim Payment is to submit a timely and valid Claim Form. | Submitted or Postmarked by: **MONTH DD, 20YY** |
| **Exclude Yourself** | Get no Claim Payment. Keep your right to file your own lawsuit against State Farm for the claims released in the Settlement. | Postmarked by: **MONTH DD, 20YY** |
| **Object to the Settlement** | Stay in the Settlement, but tell the Court why you do not agree with the Settlement. You will still be bound by the Settlement if the Court approves it. | Filed by: **MONTH DD, 20YY** |
| **Do Nothing** | Get no Claim Payment. Give up your legal rights. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court must decide whether to approve the Settlement, attorneys' fees, expenses and service award. No settlement benefits will be provided unless the Court approves the Settlement.

QUESTIONS? CALL **1-800-000-0000** TOLL FREE, OR VISIT **WWW.XXXXXXXXXXXXXXXXXXXX.COM**

### What is a class action?

In a class action, one or more people called the class representatives (in this case, Plaintiff Rose Chadwick) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court or jury resolves the issues for all class members, except for those who exclude themselves from the class.

### What is this Class Action about?

This Class Action alleges that State Farm systematically paid its insureds less than the actual cash value of their vehicles for total loss claims, in breach of State Farm's insurance contracts and in breach of the covenant of good faith and fair dealing implied in every contract. Plaintiff asserts that State Farm did this by basing the compensation for insureds' total loss claims on valuation reports that applied Typical Negotiation Adjustments, which Plaintiff alleges are improper. State Farm denies Plaintiff's allegations.

### How do I know if I am a Member of the Settlement Class?

If you have already been identified as a Settlement Class Member from State Farm's claims data, you have received an email notice and/or a postcard notice. You are a member of the Settlement Class if you fall into the following category:

All persons who made a first-party claim on a policy of insurance issued by State Farm Mutual Automobile Insurance Company to an Arkansas resident where, from November 29, 2016, through October 18, 2021, State Farm Mutual Automobile Insurance Company determined that the vehicle was a total loss and based its claim payment on a report from Audatex where a typical negotiation adjustment was applied to at least one comparable vehicle.

### What are the Settlement Terms?

The Claim Payment is 68% of the TNA Amount, as determined from State Farm's records. The total amount that is available to be claimed by Settlement Class Members is $15,583,700. The estimated average recovery is $489.

Class Counsel will be seeking attorneys' fees of no more than $4,675,110, which is 30% of the total amount of funds made available to the Settlement Class, subject to approval by the Court. Class Counsel also intend to seek no more than $850,000 in litigation costs and a $15,000 service award for Plaintiff Rose Chadwick as the Class Representative, to be approved by the Court. These payments will not reduce the amount of money available to Settlement Class Members as they will be paid separately by State Farm. The Court may award less than these amounts.

### If I am a Settlement Class Member, What are My Options?

If you are a Settlement Class Member, you have four options.

**Option 1: Submit a Claim Form for Payment.**

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.XXXXXXXXXXXXXXXXXXXXX.COM

You may submit a timely and valid Claim Form for payment of the Claim Payment. The total amount of funds made available to the Settlement Class is $15,583,700. You can submit a claim by signing the Claim Form you receive in the mail, carefully tearing at the perforation, and putting the Claim Form in the mail. You can call [insert] or visit [insert] and request that the Settlement Administrator send you a Claim Form.

If you submit a Claim Form in the mail, it must be postmarked no later than [CLAIMS DEADLINE] and mailed to:

[TBD]

If the address you submit on your Claim Form changes, you must contact the Settlement Administrator to provide a current address or you may not receive your Claim Payment.

You can also submit a Claim Form online at [insert] by entering your Unique ID and Web Registration Code. Online Claim Forms must be submitted by 11:59pm EST on [CLAIMS DEADLINE]. Your Unique ID and Web Registration Code can be found on the postcard and email notices you received.

**Option 2: Exclude yourself from the Settlement.**

You have the right to not be part of the Settlement by excluding yourself or "opting out" of the Settlement Class. If you wish to exclude yourself, you must do so on or before [OPT-OUT DEADLINE] as described below. You do not need to hire your own lawyer to request exclusion from the Settlement Class. If you exclude yourself from the Settlement Class, you give up your right to receive any benefits as part of this Settlement, and you will not be bound by any judgments or orders of the Court, whether favorable or unfavorable. However, you will keep your right to sue State Farm separately in another lawsuit if you choose to pursue one.

To exclude yourself from this lawsuit and/or preserve your right to bring a separate lawsuit, you must make a request to be excluded in writing and, with sufficient postage, mail the request to:

[TBD]

A request for exclusion must be postmarked on or before [OPT-OUT DEADLINE].

Your request for exclusion must contain the following:

1. The name of the lawsuit (*Chadwick v. State Farm*);
2. Your full name;
3. Your current address;
4. Your phone number;
5. A clear statement that you wish to be excluded from the Settlement Class, such as: "I request exclusion from the Settlement Class"; and
6. Your signature.

The Settlement Administrator will file your request for exclusion with the Court. If you are signing on behalf of a Settlement Class Member as a legal representative (such as an estate, trust or incompetent person), please include your full name, contact information, and the basis for your

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.XXXXXXXXXXXXXXXXXXXX.COM

authority. A request for exclusion must be exercised individually and not on behalf of a group.

**Option 3: Object to the Terms of the Settlement.**

The full terms of the Settlement can be found at [insert]. If you think the terms of the Settlement are not fair, reasonable, or adequate to the Settlement Class Members, you may file a Notice of Intent to Object to the terms of the Settlement. If you object to the terms of the Settlement, you cannot request exclusion from the Settlement. If you object to the terms of the Settlement you will still be bound by the terms of the Settlement and all rulings and orders from the Court.

To properly object to the terms of the Settlement, you must send, with sufficient postage, a Notice of Intent to Object to the terms of the Settlement (described below) to the following:

[TBD]

The Notice of Intent to Object to the terms of the Settlement must include all of the following information:

1. The name of the case and case number;
2. Your name, address, telephone number, and signature;
3. The specific reasons why you object to the terms of the Settlement;
4. The name, address, bar number, and telephone number of any lawyer who represents you related to your intention to object to the terms of the Settlement;
5. Whether you and/or you lawyer intend to appear at the Fairness Hearing and whether you and/or your lawyer will request permission to address the Court at the Fairness Hearing.

If your and/or your lawyer intend to request permission to address the Court at the Fairness Hearing, your Notice of Intent to Object must also include all of the following information:

1. A statement of the legal and factual basis for each objection;
2. A list of any and all witnesses the Settlement Class Member may seek to call at the Fairness Hearing;
3. A list of any legal authority the Settlement Class Member will present at the Fairness Hearing; and
4. Identify either your class member number or full name and address when the total loss occurred.

Notices of Intent to Object must be postmarked by [OBJECTION DEADLINE]. Any Notice of Intent to Object to the Settlement that is not postmarked by the deadline set forth above or which does not comport with the requirements listed above may waive the right to be heard at the Fairness Hearing. If you file a Notice of Intent to Object, you waive the right to request exclusion from the Settlement Class and will be bound by any decisions and orders from the Court and by the terms of the Settlement if it is approved by the Court. If you do not want to be bound by the decisions and rulings by the Court, you must file a request for exclusion and not a Notice of Intent to Object to the Settlement.

**Option 4. Do Nothing Now. Stay in the Lawsuit.**

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.XXXXXXXXXXXXXXXXXXXXX.COM

You have the right to do nothing. If you do nothing, you will be bound by the terms of the Settlement and will release any legal claims against State Farm relating to the facts and circumstances alleged in the Class Action, including any legal claims arising out of State Farm's settlement of a total loss claim, even if you do not submit a Claim Form. You will not receive a Claim Payment if you do not submit a Claim Form.

If the Settlement becomes final, you will give up, or "release," your rights to sue State Farm and certain of its affiliates (Released Parties) regarding the Released Claims, which are described and defined in the Settlement Agreement. Unless you exclude yourself, you will release the Released Claims. You may access the Settlement Agreement through the "court documents" link on the Settlement Website.

The Settlement Agreement describes the Released Claims with specific descriptions, so read it carefully. If you have any questions you may speak to Class Counsel listed below for free or you may, of course, speak to your own lawyer.

### Who is representing the Settlement Class?

The Court has appointed Plaintiff Rose Chadwick to be the Class Representative of the Class. The Court has also appointed the law firms of Carney Bates & Pulliam PLLC, Normand PLLC, Jacobson Phillips PLLC, and Bailey Glasser LLP, to be the attorneys representing the Settlement Class. They are called "Class Counsel." These law firms are experienced in handling class action lawsuits, including actions on behalf of insured policyholders. More information about Class Counsel is available on their websites.

Class Counsel will be seeking attorneys' fees of no more than $4,675,110, which is 30% of the total amount of funds made available to the Settlement Class, subject to approval by the Court. Class Counsel also intend to seek approximately $850,000 in litigation costs and a $15,000 service award for Plaintiff Rose Chadwick as the Class Representative, with all amounts to be approved by the Court. These payments will not reduce the amount of money available to Settlement Class Members as they will be paid separately by State Farm. The Court may award less than these amounts.

### What Legal Claim(s) against State Farm are Settlement Class Members Releasing?

As part of the Settlement, Settlement Class Members agree not to sue State Farm for any legal claims arising out of or relating in any way to the facts and circumstances alleged in the Class Action, including any legal claims arising out of State Farm's settlement of a total loss claim. You are not releasing any other legal claims against State Farm. Released Claims do not include any legal claims for personal injury, medical payment, uninsured motorist or underinsured motorist. Full terms of the Released Claims and Released Parties can be found in the Settlement Agreement at [insert].

### When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing in Courtroom __ at [time] on [date] at the United States District Court for the Eastern District of Arkansas, 500 West Capitol Avenue, Little Rock, Arkansas 72201. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.XXXXXXXXXXXXXXXXXXXXX.COM

for a Service Award to the Settlement Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check [Settlement Website] or call [class counsel contact]. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### Do I have to attend the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to attend the hearing to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also retain your own lawyer (at your own expense) to attend, but it's not required.

### Where do I get more information?

This Notice contains only a summary of the Settlement and the proceedings to date. Complete copies of public pleadings, Court rulings, and other filings are available for review and copying at the office of the Clerk of the Court for the United States District Court for the Eastern District of Arkansas, 500 West Capitol Avenue, Little Rock, Arkansas 72201 between 8:00 a.m. and 4:30 p.m. Monday through Friday, excluding Court holidays. Additional information is also available at the website maintained for this Action, www._____.com, or by contacting the Settlement Administrator at XXX-XXX-XXXX or Class Counsel at XXX-XXX-XXXX.

If the address you submit on your Claim Form changes, you must contact the Settlement Administrator to provide a current address or you may not receive you Claim Payment.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANT, YOUR STATE FARM INSURANCE AGENT, OR DEFENDANT'S COUNSEL TO ASK QUESTIONS ABOUT THIS ACTION OR THIS NOTICE. THEY CANNOT ANSWER ANY QUESTIONS OR DISCUSS THE ACTION.**

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.XXXXXXXXXXXXXXXXXXXXXXXX.COM

# Exhibit D

## Claim Form

### *Chadwick v. State Farm Mutual Automobile Ins. Co.*

In the United States District Court for the Eastern District of Arkansas
Case No. 4:21-1161-DPM

To submit a claim, please: (1) provide your full name; (2) confirm you are a State Farm policy holder or otherwise entitled to payment; (3) provide your address; (4) sign and date this form; and (5) submit the completed form by mail on or before [DATE] to the following address:

Chadwick v. State Farm Settlement Claims Administrator
[insert address]

Name: _____

State Farm Policy Number: _____

**OR**

State Farm Total Loss Claim Number: _____

Date of Loss: _____

Address: _____

_____

_____
(city)                                        (state)        (zip)

**AFFIRMATION (required):**       By signing below, I certify under oath that I am the person who made the insurance claim identified above or I am the legally authorized personal representative, guardian or trustee of the person who made the insurance claim and that the information on this Claim Form is true and correct. If this affirmation is not signed your claim will be denied.

Signature: _____

Dated: _____

Name (please print):_____

To be considered, this Claim Form must be mailed to the above address postmarked no later than [DATE].

**Please keep a copy of your Claim Form for your records.**