IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROSE CHADWICK, on behalf of herself
and all others similarly situated                              PLAINTIFF

v.                              No. 4:21-cv-1161-DPM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                              DEFENDANT

## ORDER

1.     The parties request final approval of the settlement and plan of allocation.  Chadwick also seeks fees and expenses for class counsel, as well as an award for serving as lead plaintiff.  The motions are unopposed.  The Court thanks all the lawyers for their hard work. Their efforts exemplified care and vigor.

2.     The parties' Settlement Agreement represented the first step toward a good resolution of this long-running dispute.  The Court preliminarily approved the agreement, and the plan of allocation, a few months ago. *Doc. 288.*  The Court confirms its final certification of the Settlement Class. *Doc. 288 at 4.*  It also confirms Rose Chadwick as the Settlement Class Representative, the appointments of Carney Bates & Pulliam, PLLC, Jacobson Phillips PLLC, Normand PLLC, and Bailey and Glasser, LLP as Class Counsel, and its appointment of Rust Consulting, Inc. as the Settlement Administrator.

**3.** All steps required up to this point have been taken: proper notice was given; the Class Action Fairness Act was complied with; and a comprehensive first report of claims (with a supplement) was prepared by the Settlement Administrator. There was a full and fair opportunity for class members to object. Not one did. And the fairness hearing confirmed the Court's initial impression that—considering all the material circumstances—the $15,583,700 settlement number is fair, reasonable, and adequate. The Court has come to this conclusion after considering all the material circumstances: the merits of Chadwick's case weighed against the terms of the settlement; State Farm's financial condition; the complexity (plus expense) of continued litigation; and the amount of opposition to the settlement. *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988); *In re Uponor, Inc., F1807 Plumbing Fittings Products Liability Litigation*, 716 F.3d 1057, 1063 (8th Cir. 2013). For the reasons stated at the hearing and in this Order, the Court approves the proposed settlement.

Balanced against the settlement amount, the uncertainty surrounding Chadwick's case weighs in favor of final approval. Fed. R. Civ. P. 23(e); *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 933 (8th Cir. 2005). The Court made some difficult decisions about class certification. *Doc. 124 at 7–9, Doc. 144 & Doc. 241 at 1.* It held that Chadwick's claims were common to the proposed class. Fed. R. Civ. P. 23(a)(2) & (b)(3). After the trial, many a

federal appellate courts have come out the other way. *E.g., Drummond v. Progressive Specialty Insurance Co.*, 142 F.4th 149, 159–61 (3d Cir. 2025); *Freeman v. Progressive Direct Insurance Co.*, 149 F.4th 461, 468–71 (4th Cir. 2025); *Clippinger v. State Farm Automobile Insurance Co.*, 173 F.4th 817, 832–34 (6th Cir. 2026) (*en banc*); *Schroeder v. Progressive Paloverde Insurance Co.*, 146 F.4th 567, 576–78 (7th Cir. 2025); *Ambrosio v. Progressive Preferred Insurance Co.*, 154 F.4th 1107, 1110–13 (9th Cir. 2025). Plus, the damages portion of this case was set to stretch out over many more months, requiring much work, time, and litigation expense from both parties. *Doc. 266 at 2–4.*

The settlement puts money in the pockets of those who did not get it when State Farm used Audatex to value their totaled cars. After the Settlement Administrator mailed more than 31,861 postcard notices and sent more than 26,377 e-mail notices, nobody objected to the deal. Only six insureds—Debbie McEwen, Franklin Aaron, Richard V. Dye, Billy Cupples, Michael Davis, and James Michael Freeman—requested exclusion from the class. *Doc. 298 at 6.* The Court has no reservations about State Farm's ability to pay. Given all these circumstances, the settlement is the best way for the class to achieve a certain recovery. *Keil v. Lopez*, 862 F.3d 685, 893–98 (8th Cir. 2017).

**4.** The Court has relied on Chadwick's experienced counsel to conclude that the plan of allocation is fair and reasonable. *Doc. 285 at 28–32*; *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 326 (3d Cir. 2011)

-3-

(internal quotations omitted); *White v. National Football League*, 822 F. Supp. 1389, 1420–21 (D. Minn. 1993), *affirmed*, 41 F.3d 402 (8th Cir. 1994). The total $15,583,700 will be divided among the settlement class members who made claims. The anticipated average claim payment is $489. That figure represents approximately sixty-eight percent of the estimated average "typical negotiation adjustment" made by State Farm to a vehicle's actual cash value. Class members must fill out a claim form to receive payment. The forms are straightforward, and can either be mailed or completed online. The Settlement Administrator also established and maintained a website and a toll-free hotline explaining the claims process. Notice was clear and widely distributed. Unclaimed funds will be returned to State Farm. *Doc. 285 at 32.* And, again, not one person has objected. The Court therefore approves the plan of allocation.

5. The Court excludes from the class Debbie McEwen, Franklin Aaron, Richard V. Dye, Billy Cupples, Michael Davis, and James Michael Freeman. These individuals are not bound by the parties' settlement, this Order, or this Court's Judgment.

6. The Court authorizes and directs implementation of the Settlement Agreement, *Doc. 285 at 14–48.* The Court incorporates in this Order all releases contained in the Settlement Agreement, including the related definitions and the effective date. *Doc. 285 at 14–21 & 37–38.* State Farm must pay the total amount of Claim Payments owed for all

Approved Claims into the Escrow Account as required under the Settlement Agreement. *Doc. 285 at 32.* As provided in that Settlement Agreement, Chadwick and all class members have released State Farm from all claims, known and unknown. State Farm has not admitted liability or fault; it has made a good faith settlement of strongly disputed claims. The Court incorporates and approves the agreed limitations on future use of the fact of settlement, and of all related documents, Orders, and the Judgment. *Doc. 285 at 42–43.* The parties, without further approval of the Court, are authorized to agree and adopt amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they're consistent in all material respects with this Order and don't limit the rights of any Settlement Class Member.

7. The Court awards all the attorney's fees and expenses requested ($4,675,110 in fees, and $783,134.50 in costs). The Court chooses, and applies, the percentage-of-the-benefit method. *Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017). Considering the time and effort Chadwick's lawyers put into this case, the contingent nature of the fee, the results obtained, plus the experience, reputation, and abilities of the lawyers involved, the fee request—thirty percent of the settlement fund—is reasonable. A cross-check of that request against the lodestar calculation reveals a multiplier of approximately 1.06,

which is well within the range approved by precedent. *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 866 (8th Cir. 2017).

8.    The Court approves the $15,000 incentive award to Chadwick. This is a modest award for her efforts as the lead plaintiff.

9.    Final Judgment will issue now. The Court will retain jurisdiction for one year to oversee the settlement and resolve any issues that might arise under the settlement or this Order. That oversight will include receiving further reports about claims administration. Supplemental reports about administration are due on 15 October 2026, 13 January 2027, 13 April 2027, and thereafter as directed by the Court.

10.    If this Order is reversed on appeal or otherwise doesn't become final:

- This Order, the Settlement Agreement, and other related Orders—as specified in the Settlement Agreement—will be rendered null and void and will be vacated *nunc pro tunc*; and

- This case will proceed as if no settlement happened and as otherwise provided for in the Settlement Agreement.

10.    The Settlement Administrator must post this Order, as well as the accompanying Judgment, on the class website now. And copies of this Order and the accompanying Judgment must be mailed to each claimant with their check.

\*

Motions, *Doc. 290, 291 & 293* granted.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

16 July 2026